UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                    ::
JERRY GREEN,                                        :        08-CV-04387 (ARR)
                                                    :
                            Petitioner,             :        NOT FOR PRINT OR
                                                    :        ELECTRONIC
    -against-                                        :        PUBLICATION
                                                    :
ROBERT ERCOLE, Superintendent,                      :        OPINION AND ORDER
Green Haven Correctional Facility                   :
                                                    :
                            Respondent.             X
------------------------------------------------------------------- 

ROSS, United States District Judge:

Jerry Green petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He

challenges his 1999 conviction in Queens County, following a jury trial partly *in absentia*, of

robbery in the first degree and robbery in the second degree. For the reasons set forth below, the

petition is denied.

**BACKGROUND**

A.      The Facts

After allegedly acting as a lookout during the robbery of the Las Rosas Bakery and

Grocery in Corona, Queens, on October 13, 1997, during which more than $300 was taken from

the store's cash register and jewelry was forcibly removed from the person of store owner Jose

Sanchez, Green was arrested and charged with robbery in the first degree and robbery in the

second degree, in violation of N.Y. Penal Law § 160.15(4) and § 160.10(1).

Green waived his right to a jury trial and proceeded to a bench trial before the Honorable

Joseph Rosenzweig, of the Supreme Court, Queens County. The trial commenced on July 19,

1

1999. Green appeared for the first two days of the trial, during which the government presented its case and rested. On the third morning of trial, Green failed to appear. The court issued a warrant and stated on the record that the defendant had received his Parker warnings, see People v. Parker, 454 N.Y.S.2d 967 (1982), in front of another judge and had been advised on the previous day that the Parker warnings remained in effect. The court granted a recess for the government to conduct an investigation into whether Green's absence from court was voluntary and agreed that a Parker hearing, see People v. Parker, 454 N.Y.S.2d 967 (1982), would be conducted after the recess. When the court reconvened, the following colloquy took place:

> Defense Attorney: Judge, I think I have a legal obligation, I don't think it violates the attorney/client privilege in this situation, but I think it would be bad faith on my part to go ahead with a hearing knowing that my client has willfully absented himself from the jurisdiction of the Court. His relatives all reached out to him. Everybody is trying to convince him to come back. Finally, I received – my secretary called me, she had him on the line. I was able to speak to him. In sum and substance, your Honor, he said he's not coming back, he's afraid. He said he didn't do this. He's not doing time for a crime he didn't do. Although he believes the judge can be fair, he doesn't have any faith in the system. He just said, I'm just not coming back. I wasn't going to argue with him. I told him it was a silly thing to do, but so all I can really say is that I am aware that he's voluntarily absented himself from the jurisdiction of the Court.

> The Court: I guess based on that, there is no need to take testimony concerning the – any investigation as to his absence. Well, the Court finds that the defendant has willfully absconded, waived his right to be present for the remainder of the trial. Warrant issued. I believe I already said that this morning. Bail forfeited. And the defense may proceed with the rest of the trial.

> Defense Attorney: I would assume, your Honor, that if a jury was here, they would be instructed that they would draw no inference from the fact defendant is not here, I'm sure -

> The Court: I will so instruct myself.

> Defense Attorney: - am sure you will do the same. Okay.

(Trial Tr. 225-27.)

After the court found that Green willfully absconded, the trial commenced in Green's absence with the defense case – the presentation of two defense witnesses. At the conclusion of the trial, Green was convicted of both robbery in the first degree and robbery in the second degree. On September 3, 1999, also *in absentia*, Green was sentenced to twenty-one years in prison on the first degree robbery count, to run concurrently with a sentence of fourteen years on the second degree robbery count.

On March 14, 2006, Green was taken into custody and began serving his sentences for his 1999 convictions.

B.     The Procedural History

    1.     The Direct Appeal

On appeal to the New York Supreme Court, Appellate Division, Second Department, Green pressed four arguments: (1) his conviction was unsupported by legally sufficient evidence; (2) the verdict was against the weight of the evidence; (3) the imposition of a twenty-one year prison sentence was unduly harsh and excessive and should be reduced in the interest of justice; and (4) his Constitutional right to effective assistance of counsel was compromised by his trial counsel's disclosure that he had "willfully absented himself" for the trial.

Green's ineffective assistance of counsel claim focused on his contention that his trial counsel's representation to the court that he "voluntarily absented himself from the jurisdiction of the court" deprived him of his Constitutional right to effective assistance of counsel. (Br. for Def.-Appellant to Appellate Div. at 13.) Green argued that his trial

3

counsel became a witness against him when he informed the court that Green voluntarily absented himself, and therefore his trial counsel was ethically required to withdraw from representing Green pursuant to the Disciplinary Rules of the Code of Professional Responsibility DR 5-102. Green acknowledged that his trial counsel was duty-bound not to mislead the court and therefore could have informed the court that Green would not be appearing. However, Green asserted that trial counsel went too far and should not have revealed Green's lack of faith in the criminal justice system or his belief that he would be convicted for the crimes charged, which was "extraordinarily damaging." (Br. for Def.-Appellant to Appellate Div. at 19.) Green argued that "[b]y conveying the appellant's concern that he would be convicted, defense counsel implicitly conceded the appellant's belief that [the main prosecution witness] had been a credible witness, and that his testimony was sufficient to support a verdict of guilty. Intentionally or not, defense counsel thereby communicated to the court the appellant's consciousness of guilt, a point that surely caused prejudice to the appellant." (Br. for Def.-Appellant to Appellate Div. at 19.) Finally, Green argued that his trial counsel should have shielded the trial judge, who was serving as the trier of fact, from the circumstances surrounding Green's non-appearance, because with regard to a prior application to introduce evidence of uncharged crimes, the trial judge had stated that "it would be difficult to completely cleanse my mind of it". (Br. For Def.-Appellant to Appellate Div. at 19-20.)

On June 26, 2007, the Appellate Division affirmed the conviction and sentence. People v. Green, 841 N.Y.S.2d 313, 314 (2d Dep't 2007). On October 2, 2007, the New

York Court of Appeals denied leave to appeal from the Appellate Division's decision. People v. Green, 9 N.Y.3d 961 (2007) (Jones, J.).

2.     The Instant Petition

In the instant petition, filed on October 27, 2008,Green advances the same four arguments he raised on direct appeal.[1] In fact, Green's petition contains passages that are identical to those in his brief to the Appellate Division, Second Department, with the exception that Green omitted most case citations from his petition.

## DISCUSSION

A.     Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") narrowed the scope of federal habeas review of state convictions where the state court has adjudicated a petitioner's federal claim on the merits. See 28 U.S.C. § 2254(d). Under the AEDPA standard, habeas relief is warranted if the state court's adjudication of a federal

---

[1] Green has also filed a motion for "discovery and expansion of the record," Dkt. No. 11, requesting that he be furnished with all court transcripts including those from his Huntley and Wade hearings. This motion is denied. A habeas petitioner is entitled to invoke the process of discovery in a federal habeas proceeding only upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997) (citing Rules Governing § 2254 Cases, Rule 6(a)). Petitioner has failed to show good cause for the discovery he seeks. Because petitioner did not assert a Fourth Amendment claim in his petition, he cannot benefit from the transcripts of his Huntley and Wade hearings, if these hearings were even conducted. See Harris v. Nelson, 394 U.S. 286, 300 (1969) (petitioner is entitled to discovery only if there are specific allegations before the court that demonstrate that the petitioner may, if the facts are fully developed, be able to prove that he is entitled to habeas relief). Furthermore, respondent asserts that petitioner has been provided with all transcripts of pre-trial, trial, and sentencing proceedings in its possession. Petitioner admits in his motion that no Wade hearing was conducted, thus this particular discovery request would be fruitless. See Dkt. No. 11.

5

claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Habeas relief is also warranted where the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

A state court decision is an "unreasonable application" of clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). Furthermore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Gilchrist v. O'Keefe, 260 F.3d 87, 93 (citing Williams, 529 U.S. at 411); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (per curiam) ("Where . . . the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable.").

B.    Review of the Sufficiency Claim is Procedurally Barred

Respondent argues that Green's sufficiency claim is procedurally barred from habeas review because the Appellate Division rejected it on the ground that Green had failed to preserve it for appellate review. The Appellate Division, citing N.Y. Crim. Proc. Law § 470.05[2], held that this claim was "unpreserved for appellate review," and found

6

that "[i]n any event, viewing the evidence in the light most favorable to the prosecution[,] . . . it was legally sufficient to establish the defendant's identity as one of the robbers beyond a reasonable doubt." People v. Green, 841 N.Y.S.2d 313, 314 (2d Dep't 2007).

"When a state court judgment rests upon an adequate and independent state law ground, federal courts lack jurisdiction on direct review to consider questions of federal law decided by the state court." Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 728 (1991)). "[T]he same doctrine 'bar[s] federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" Id. (citing Coleman, 501 U.S. at 729-30). To foreclose federal review "the last state court to render judgment must clearly and expressly state . . . that its judgment rest[ed] on a state procedural bar." Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997) (internal quotation and citation omitted). The prohibition applies "even where the state court has also ruled in the alternative on the merits of the federal claim." Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990). The Second Circuit has made clear that the state court must "actually state[]" that an "issue was not preserved" to bar federal habeas review. Stinson, 229 F.3d at 118.

New York Criminal Procedure Law § 470.05[2] requires parties to make a specific protest at the time of a claimed error to preserve an issue for appellate review. See, e.g. People v. Gray, 86 N.Y.2d 10, 19 (1995). A party's "failure to make objection at trial constitutes adequate procedural default under [N.Y. Crim. Proc. Law] section 470.05[2]," Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) (citing Fernandez v. Leonardo, 931 F.2d 214, 216 (2d Cir. 1991)), and this contemporaneous objection rule has been recognized as

an independent and adequate state procedural rule barring habeas review. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007); Garcia, 188 F.3d at 79; Bossett v. Walker, 41 F.3d 825, 829 n.2 (2d Cir. 1994); Felder v. Goord, 564 F. Supp. 2d 201, 223 (S.D.N.Y. 2008). A federal court will nonetheless consider a procedurally defaulted claim if the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

The last state court to render a reasoned judgment on Green's claim was the Appellate Division, Second Department. See People v. Green, 841 N.Y.S.2d 313, 314 (2d Dep't 2007). The Court of Appeals' subsequent denial without comment of Green's application for leave to appeal does not alter that conclusion. See Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995); People v. Green, 9 N.Y.3d 961 (2007). In affirming the judgment of conviction, the Second Department expressly invoked N.Y. Crim. Proc. Law § 470.05[2], creating the procedural bar. Even though the appellate court alternatively found the claim to be meritless, it expressly relied upon an independent and adequate state ground for the procedural default.

This court is therefore proscribed from reviewing this claim unless Green can demonstrate cause and actual prejudice, or a fundamental miscarriage of justice. "In procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier,

8

477 U.S. 478, 488 (1986)). Once cause is shown, prejudice must be proven by showing that "there is a 'reasonable probability' that the result of the trial would have been different" despite the Constitutional violation. Strickler v. Greene, 527 U.S. 263, 289 (1999). A defaulted claim may also be heard in order to avoid a fundamental miscarriage of justice – where a conviction is based upon a constitutional violation of one who is actually innocent. Murray, 477 U.S. at 496; but see Doe v. Menefee, 391 F.3d 147, 161 (2d Cir. 2004) ("credible claims of actual innocence are extremely rare"). First, Green has not shown a miscarriage of justice because, although he asserts in his reply paperes that he is innocent and constitutional errors were committed at trial, he has not proffered new evidence to demonstrate his innocence.

Green seems to argue cause by claiming that his counsel committed an "egregious" error and thus provided ineffective assistance when he failed to contemporaneously object at trial. (Traverse at 8-9, 13.) "A defense counsel's ineffectiveness in failing to properly preserve a claim for review in state court can suffice to establish cause for a procedural default only when the counsel's ineptitude rises to the level of a violation of a defendant's Sixth Amendment right to counsel." Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001) (citing Edwards v. Carpenter, 529 U.S. 446, 451(2000)). Green cannot succeed in arguing that the cause of the default was his counsel's ineffective assistance in failing to contemporaneously object, because the ineffective assistance claim is an independent constitutional claim that is itself procedurally barred because Green failed to raise this argument on his direct appeals. See Aparicio, 269 F.3d at 91; Gomez v. Brown, No. 07 Civ. 9464(HB)(THK), 2009 WL 2575916, at *6-7 (S.D.N.Y. Aug. 20, 2009). Before a

9

federal court may consider the merits of a habeas petition, the petitioner must exhaust all available state court remedies by presenting his constitutional claims to the highest court of the state. See 28 U.S.C. § 2254(b). Where state law affords a petitioner a right to raise a constitutional claim "by any available procedure" and the claim is not raised, it cannot be deemed exhausted. 28 U.S.C. § 2254(c). "[I]t is not sufficient merely that the [petitioner] has been through the state courts." Ellman v. Davis, 42 F.3d 144, 147 (2d Cir. 1994) (citing Picard v. Conner, 404 U.S. 270, 275-76 (1971)). Rather, the claims must be "fairly presented" to the state courts to provide the state with an opportunity to correct any alleged constitutional violations. Id. Green never raised this specific claim in state court – the raised ineffective assistance of counsel claim specifically focused on his attorney's statements to the court after Green failed to appear on the third day of trial – and therefore Green did not exhaust all available state court remedies, as required for habeas corpus review. See 28 U.S.C. § 2254(b); see also Ellman, 42 F.3d at 147.

When a petitioner no longer has "remedies available" in the state courts, because he is procedurally barred by state law from raising such claims, the habeas court may deem the claims exhausted but procedurally defaulted. See Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). Green forfeited his opportunity to raise this claim on his direct appeal, and because New York courts would refuse to address the unexhausted claim, to require Green to return to the state court to exhaust the claim would be futile. See N.Y. Court Rules § 500.20(a); Aparicio v. Artuz, 269 F.3d at 91; Bossett, 41 F.3d at 829; Grey, 933 F.2d at 120-21. For purposes of the statutory exhaustion requirement for presenting a habeas corpus petition to federal courts, the ineffective assistance of counsel claim is therefore

10

deemed exhausted, but procedurally defaulted. Green has not demonstrated cause for his failure to raise this claim on his direct appeal. Given the absence of cause, the court need not address the prejudice prong. Thus, this court denies Green's legal sufficiency claim.

C.    Weight of the Evidence Claim Cannot Be Considered Because it is a State Law Claim

Green argues that the guilty verdict was against the weight of the evidence. This claim is distinct from Green's attack on the verdict based on the legal sufficiency of the evidence. "A 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles." Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) (citing Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); People v. Bleakley, 69 N.Y.2d 490, 495 (1987)). Accordingly, the court is precluded from considering the weight of the evidence claim. See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

D.    Excessive Sentence Claim Does Not Warrant Relief

Green contends that his sentence is "unduly harsh and excessive." To evaluate claims of excessive sentencing, the Supreme Court has articulated a principle of "gross proportionality," which finds unconstitutional under the Eighth Amendment only extreme sentences that are grossly disproportionate to the crimes for which they are imposed. See

11

Harmelin v. Michigan, 501 U.S. 957 (1991); Solem v. Helm, 463 U.S. 277; Rummel v. Estelle, 445 U.S. 263 (1980). Federal courts reviewing sentences imposed by state courts on habeas review "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." Solem, 463 U.S. at 290. The "gross disproportionality" principle finds sentences disproportionate to their crimes "only in the exceedingly rare and extreme case" and is reserved "for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 73, 77 (2003) (internal quotation marks and citation omitted). In the Second Circuit, "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

On his appeal to the Appellate Division and the Court of Appeals, Green contended that the sentence imposed on him was excessive and should be reduced pursuant to state law. (See Br. for Def.-Appellant to Appellate Div. at 27-29.) Green argued that N.Y. Crim. Proc. Law § 470.15(6)(b) empowers the state court to modify a sentence of imprisonment deemed "unduly harsh or severe." Green did not argue in his direct appeal that the sentence imposed violated the Eighth Amendment prohibition against cruel and unusual punishment or that it otherwise violated the "gross disproportionality" principle, which would indicate that he intended to raise a federal claim. Since petitioner did not raise the claim that his sentence was excessive in federal constitutional terms in the state court proceedings, if the court were to view Green's habeas petition as asserting a federal excessive sentencing claim, this claim is

12

unexhausted. See White, 969 F.2d at 1383. Moreover, there is no longer a state court in which Green can raise his current argument. He cannot present the argument to the New York Court of Appeals in the future because he is entitled to only one leave application. See N.Y. Rules of Court § 500.20(a). Moreover, raising this argument in a N.Y. Crim. Proc. Law § 440.10 motion would be futile because Green failed to raise this argument on direct appeal. New York Criminal Procedure Law § 440.10(2)(c) bars collateral proceedings when a criminal defendant has failed to raise the grounds on direct appeal. Since no remaining avenue exists in which Green can raise this claim, it is deemed exhausted but procedurally defaulted. See Aparicio, 269 F.3d at 90-91; Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 170 (2d Cir. 2000). This court may review this claim only if Green demonstrates cause for the default and resulting prejudice, or that the failure of the court to review the claim will result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Green's claim must be denied because he failed to establish cause and prejudice, or that a fundamental miscarriage of justice will result. As discussed earlier, Green has not shown a miscarriage of justice because no new evidence was proffered to show his actual innocence. See Murray, 477 U.S. at 496.

Green attempts to overcome the procedural default by arguing that his appellate counsel was ineffective, which caused him prejudice. (Traverse at 1-3.) In any event, Green cannot prove prejudice because the sentence imposed upon Green was within the statutory range prescribed by state law. Upon his conviction, Green was sentenced to twenty-one years in prison on the first degree robbery count, to run concurrently with a

sentence of fourteen years on the second degree robbery count. As a second violent felony

offender, under New York law, Green could have received as much as ten to twenty-five

years imprisonment on the first degree robbery count. See N.Y. Penal Law §§ 70.04(3)(a),

160.15. "No federal constitutional issue is presented where, as here, the sentence is within

the range prescribed by state law." White, 969 F.2d at 1383. Green even concedes in his

petition that "the prison sentence of 21 years and 14 years received by petitioner were not

illegal as a matter of law." (Pet. at 9.) Thus, the Appellate Division's determination that

Green's sentences were not excessive is not contrary to, and does not involve an

unreasonable application of, federal law. See 28 U.S.C. § 2254(d).

Furthermore, the purely state law claim of an "unnecessarily harsh" sentence

asserted in Green's petition is not cognizable on habeas review. See Estelle, 502 U.S. at

68 ("In conducting habeas review, a federal court is limited to deciding whether a

conviction violated the Constitution, laws, or treaties of the United States."). Thus,

Green's claim is denied.

E.    Ineffective Assistance of Counsel Claim

The clearly established Supreme Court rule for reviewing an ineffective assistance

of trial counsel claim is set forth in the two-pronged standard enunciated in Strickland v.

Washington, 466 U.S. 668 (1984). See Williams v. Taylor, 529 U.S. 362, 390-91 (2000).

The defendant must prove that (1) his counsel's performance fell below an objective

standard of reasonableness under prevailing professional norms; and (2) but for his

counsel's errors, there is a reasonable probability the result of the proceeding would have

14

been different. Strickland, 466 U.S. at 688, 694. Failure to show "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. In applying the first prong of Strickland, a court must operate with a strong presumption that counsel's conduct fell within the wide range of competent assistance. Lindstadt v. Keane, 239 F.3d 191, 198-99 (2d Cir. 2001). In gauging the alleged deficiency, the court must consider all the circumstances and make every effort to eliminate the distorting effects of hindsight. Id. at 199. Petitions for federal habeas relief alleging state court errors in applying Strickland, such as the instant petition, are assessed under the "unreasonable application" clause of AEDPA. See Bell v. Cone, 535 U.S. 685, 698-99 (2002). To permit habeas relief under this clause, "a state court decision must be not only erroneous but also unreasonable. Some increment of incorrectness beyond error is required." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000). "As a general rule, a habeas petitioner will be able to demonstrate that [his] trial counsel's decisions were objectively unreasonable only if 'there [was] no ... tactical justification for the course taken.'" Lynn v. Bliden, 443 F.3d 238, 247 (2d Cir. 2006) (quoting United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998)).

Green contends that he received ineffective assistance of trial counsel when, after Green failed to appear in court on the third day of his trial, his counsel informed the court that Green "voluntarily absented himself from the jurisdiction of the Court", Green "doesn't have any faith in the system", and Green said he is "not doing time for a crime he didn't do." The state court found that defendant was not deprived of the effective

15

assistance of counsel and cited in support the cases of People v. Henry, 95 N.Y.2d 563 (2000) and People v. Benevento, 91 N.Y.2d 708 (1998).

I conclude that the state court did not unreasonably apply the second prong of Strickland when it found that trial counsel's statement to the court was not sufficiently prejudicial. I base my conclusion on two findings described in detail below. First, even if Green's trial counsel had not informed the court that Green had voluntarily absented himself, the court would have concluded that his absence was voluntary and continued the trial in Green's absence. Second, the trier of fact agreed to instruct himself not to consider counsel's statement for any purpose other than for the voluntariness inquiry, and therefore this court must assume that counsel's statement did not prejudice the trial outcome.

Under the due process clause of the Fourteenth Amendment, a defendant must be allowed to be present at his trial "to the extent that a fair and just hearing would be thwarted by his absence." Kentucky v. Stincer, 482 U.S. 730, 745 (1987). However, a defendant's right to be present at trial may be waived. Diaz v. United States, 223 U.S. 442, 456-58 (1912). Such a waiver should be both knowing and voluntary, though knowledge and voluntariness may be inferred. See Taylor v. United States, 414 U.S. 17, 19-20 (1973); see also Smith v. Mann, 173 F.3d 73, 76 (2d Cir. 1999) ("nothing in the Constitution prohibits a trial from being commenced in the defendant's absence so long as the defendant knowingly and voluntarily waives his right to be present").[2]

---

[2] In People v. Parker, 57 N.Y.2d 136 (1982), the controlling New York case on this issue, the New York Court of Appeals relied on two Supreme Court cases when it stated that "[i]n order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum be informed in some manner of the nature of the right to be present at trial and the consequences of

In Taylor, the petitioner was not expressly informed of his right to be present at trial and did not receive an explicit warning that the trial may have continued if he did not appear. 414 U.S. at 20. Still, the Supreme Court found that the trial court could reasonably have concluded that the defendant acted knowingly and voluntarily in failing to attend trial. Id. The Supreme Court reasoned that "[i]t is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, that a defendant who flees from a courtroom in the midst of a trial-where judge, jury, witnesses and lawyers are present and ready to continue-would not know that as a consequence the trial could continue in his absence." Id. (internal citations omitted).

In Bogle v. Zon, 04 Civ. 7965, 2007 WL 2049886 (S.D.N.Y. July 17, 2007), the petitioner objected to his trial being conducted *in absentia*. The petitioner argued that because he was never told the exact date of his trial and because he was never warned of the specific consequences of his failure to appear, he could not have knowingly and intelligently waived his Sixth Amendment right to appear. Id. at *2. The petitioner was released on bail, but never received Parker warnings. The state trial court held a hearing to determine whether petitioner could be tried *in absentia* and concluded that petitioner had previously appeared for trial dates, that he had extensive experience with the criminal justice system, and therefore knew that he was required to appear for trial. Id. at *2. The

---

failing to appear for trial." Parker, 57 N.Y.2d at 141 (citing Schneckloth v. Bustamonte, 412 U.S. 218, 243-44 (1973); Brady v. United States, 397 U.S. 742, 748 (1970)).

habeas court found no constitutional violation, notwithstanding the state trial court's

failure to provide petitioner with <u>Parker</u> warnings, and petitioner's failure to have received

notification of a specific trial date. <u>Id.</u> at *3. The habeas court stated that "'[o]nly

minimal knowledge on the part of the accused is required when waiver is implied from

conduct.'" <u>Id.</u> (quoting <u>United States v. Nichols</u>, 56 F.3d 403, 416 (2d Cir. 1995)). The

court further reasoned that "[t]he law does not allow a person to take advantage of their

illegal behavior when he 'absconds from the jurisdiction while at large on bail.'" <u>Id.</u> at *4

(quoting <u>Gilchrist v. O'Keefe</u>, 260 F.3d 87, 96 n.5 (2d Cir. 2001)).

In this case, even if Green's trial counsel had not explicitly informed the trial court

that Green had voluntarily absented himself, the trial court would have continued the trial

in Green's absence, and the continuation of the trial would have been constitutionally

permissible. When Green's case was called on the third day of trial, Green was not

present. The court ruled on the record that Green had received his <u>Parker</u> warnings in

front of another judge and had been advised the day before that the warnings remained in

effect. (Trial Tr. 224.) The court then briefly recessed so that the government could

conduct an investigation into Green's disappearance. When the case was recalled in the

afternoon, there was no indication on the record that the government was not prepared to

conduct a <u>Parker</u> hearing. (<u>See</u> Trial Tr. 225.) The court first requested that defense

counsel "indicate to the court what [his] conversation was with the defendant" and defense

counsel responded with the challenged statements. (Trial Tr. 225.) Pursuant to <u>Taylor</u> and

<u>Bogle</u>, even if defense counsel had not spoken, the court could have inferred that Green

voluntarily waived his right to be present in court because Green had attended the first two

18

days of trial, was absent from court on the third day, had received <u>Parker</u> warnings, and had a prior criminal record and therefore must have had prior court dates. Under these circumstances, Green's constitutional rights were not violated when the trial court proceeded *in absentia.*

Since it would have been constitutionally permissible for Green's trial to continue in his absence no matter his trial counsel's statements, the only question left for the court to consider is whether the outcome of the trial was prejudiced by trial counsel's specific statements that Green "doesn't have any faith in the system" and said he is "not doing time for a crime he didn't do." After the trial court stated its finding on the record that Green voluntarily absented himself from the proceedings, Green's counsel requested that the trial judge draw no inference from the fact that Green was no longer present. (Trial Tr. 226-27.) In response, the trial judge stated that he would "so instruct" himself. (Trial Tr. 226-27.) "Unlike a lay jury, a Judge 'by reasons of . . . learning, experience and judicial discipline is uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision." <u>People v. Moreno</u>, 70 N.Y.2d 403, 406 (1987) (quoting <u>People v. Brown</u>, 24 N.Y.2d 168, 172 (1969)). Therefore, there is no prohibition against the same judge conducting a hearing as well as the trial itself. <u>Moreno</u>, 70 N.Y.2d at 406. There is nothing in the trial record to support a finding that the judge did not adhere to his own instruction to disregard trial counsel's statements about the voluntariness of his client's disappearance when acting as the fact finder at the conclusion of the trial. Therefore, Green failed to show a reasonable probability that but

for his trial counsel's alleged error the outcome of the trial would have been different. <u>See</u> <u>Strickland</u>, 466 U.S. at 694. Green has failed to prove that the state court unreasonably applied the <u>Strickland</u> test in finding that he was not denied effective assistance of counsel. <u>See</u> <u>Strickland</u>, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one").

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is denied. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

S/ Hon. Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: December 29, 2009
      Brooklyn, New York

SERVICE LIST:

Pro Se Petitioner
Jerry Green
06-A-2202
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY  12582

Attorney for Respondent
Lea Lorene La Ferlita, Esq.
Leilani Julia Rodriguez, Esq.
State of New York Office of the Attorney General
120 Broadway
New York, NY  10271-0332