FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 12 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

JERRY GREEN,

          Petitioner,

  -against-

ROBERT ERCOLE, Superintendent,
Green Haven Correctional Facility

          Respondent.
-------------------------------------------------------------- X

08-CV-4387 (ARR)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

By opinion and order dated December 29, 2009 (the "Opinion," Dkt. No. 13), the court denied petitioner Jerry Green's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner now moves pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate the court's prior judgment and to issue the writ. For the reasons set forth below, the motion is denied.

In his October 23, 2008 petition, petitioner challenged his 1999 robbery conviction in Queens County. He asserted four claims for relief: (1) the conviction was unsupported by legally sufficient evidence, (2) the verdict was against the weight of the evidence, (3) the sentence imposed was unduly harsh and excessive, and (4) trial counsel was ineffective because he disclosed to the court that petitioner had wilfully absented himself from the trial. Opinion at 3-5.

In its Opinion, the court found, first, that petitioner's sufficiency claim was procedurally barred from habeas review because the highest state court to consider this claim had rejected it as unpreserved for appellate review. Id. at 6-8. Second, petitioner's weight-of-the-evidence argument was grounded in New York law and did not state a federal claim for relief. Id. at 11.

1

Third, because petitioner had not asserted a federal excessive sentencing claim in the state court proceedings, this claim was procedurally defaulted and, in any event, meritless because the state court's determination did not involve an unreasonable application of federal law. Id. at 13-14. Fourth, the state court had not unreasonably applied the two-pronged standard for reviewing ineffective assistance of counsel, see Strickland v. Washington, 466 U.S. 668 (1984), because petitioner had not been sufficiently prejudiced by his trial counsel's statements to the court. Opinion at 16. Therefore, the court denied the petition and declined to issue a certificate of appealability. Id. 20. The court of appeals has likewise declined to issue a certificate of appealability.

Now before the court is petitioner's Rule 60(b)(6) motion to vacate the court's prior judgment denying the petition. In his motion, petitioner alleges that his constitutional rights were violated when he was placed in a suggestive police line-up and subsequently identified in court. He further asserts that his trial counsel was ineffective for failing to investigate, inter alia, the identification issues raised in petitioner's motion and to present an alibi defense at trial. Finally, petitioner asserts that this court erred in finding that these claims were procedurally barred.

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005); see also Fed. R. Civ. P. 60(b)(6) (permitting reopening for "any other reason that justifies relief"). In habeas corpus proceedings, however, Rule 60(b) is limited by the restrictions imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which constrain a state prisoner's ability to file second or successive habeas applications under 28 U.S.C. § 2254. Under AEDPA, "[a] claim presented

in a second or successive habeas application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim not previously presented shall be dismissed unless the petitioner can show that it "relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez, 545 U.S. at 530; see 28 U.S.C. § 2244(b)(2). A district court cannot accept a successive habeas filing unless the petitioner first "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3); Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) ("AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications.").

Therefore, in habeas proceedings, Rule 60(b) is unavailable where a movant attacks his underlying criminal conviction. Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004); Kearney v. Graham, No. 06-CV-6305 (CBA), 2010 WL 3023668, at *2 (E.D.N.Y. July 29, 2010). Where a habeas petitioner's purported 60(b) filing seeks vindication of "an asserted federal basis for relief from a state court's judgment of conviction," it is "in substance a successive habeas petition and should be treated accordingly." Gonzalez, 545 U.S. at 530-31.

> A motion that seeks to add a new ground for relief, as in Harris, supra, will of course qualify [as bringing a claim]. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

Id. at 532. Relief under Rule 60(b) is available in a habeas proceeding, therefore, only when the motion "attacks the integrity of the habeas proceeding rather than the underlying criminal conviction." Harris, 367 F.3d at 77; see also Gonzalez, 545 U.S. at 532. For example, a Rule 60(b) motion may permissibly challenge the federal habeas court's denial of the writ for such

3

reasons as failure to exhaust, procedural default, and the statute-of-limitations bar. Gonzalez, 545 U.S. at 532 n.4

Petitioner's motion attacks the integrity of his prior habeas proceeding only to the limited extent that it argues that this court erred in finding his claims to be procedurally defaulted. This argument lacks merits. Although the court did properly find that certain claims in the petition were procedurally defaulted, it did not rule on the claims to which petitioner addresses his motion because he had failed to raise them in his petition. See Opinion at 5 & n.1.

The balance of petitioner's motion asserts federal grounds for relief from his underlying conviction. Because the court must treat these claims as a second or successive petition, it lacks jurisdiction to consider them. Accordingly, the court denies this portion of the motion as beyond the scope of Rule 60(b). See Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002). If petitioner wishes to pursue these claims, he must first move in the Second Circuit Court of Appeals for an order authorizing this court to consider his application. See 28 U.S.C. § 2244(b)(3). Then, if the Second Circuit authorizes petitioner to proceed in this matter, he may move to reopen it under this docket number.

Because petitioner has failed to show that "jurists of reason would find it debatable" whether the court is correct in its procedural ruling," Slack v. McDaniel, 529 U.S. 473, 478, 484-85 (2000), no certificate of appealability will be granted.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: April 7, 2011
Brooklyn, New York

4

**Service List**

Pro Se Petitioner:
Jerry Green
06A2202
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582